Citation Nr: 1126172 
Decision Date: 07/12/11 Archive Date: 07/19/11

DOCKET NO. 06-13 749 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUE

Entitlement to a compensable rating for a shell fragment wound scar on the popliteal area of the right lower leg.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Robert J. Burriesci, Associate Counsel



INTRODUCTION

The Veteran served on active duty from July 1968 to April 1970, including combat service in Vietnam, and his decorations include the Purple Heart Medal.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2004 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in New Orleans, Louisiana.

This case was previously before the Board in September 2009 when it was remanded for further development. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran seeks a compensable rating for a shell fragment wound scar on the popliteal area of the right lower leg.

In December 2009 the Board remanded the Veteran's claim for the Veteran to be afforded a VA medical examination regarding the severity of his scar condition. In particular the Board noted that the Veteran asserted that a compensable evaluation is warranted because he has musculoskeletal and neurologic impairment stemming from the in-service shell fragment wound injury. The Veteran maintained that he had tenderness around the scar and stinging and numbness in the area of the scar. As such, the Board requested that the examiner specifically discuss the severity of any muscle impairment in terms of slight, moderate, moderately severe, and severe, including any muscle impairment of the affected Muscle Groups, that the examiner describe in detail the Veteran's scars, including whether they are painful on examination, and that the examiner state whether there are any neurological residuals associated with the Veteran's service-connected disability and, if so, identify any nerves involved and the extent of any paralysis of the identified nerves. 

In March 2010 the Veteran was afforded a VA Compensation and Pension (C&P) examination. The Veteran's knee was noted to have symptoms of deformity, giving way, pain, weakness, decreased speed of joint motion, and tenderness. The Veteran's knee did not manifest any instability, stiffness, incoordination, dislocation or subluxation, locking, effusion, or flare-ups of joint disease. There were no constitutional symptoms or incapacitating episodes of arthritis. The Veteran was able to stand for 15 to 30 minutes and was able to walk one quarter of a mile. The Veteran used an orthotic insert and a cane. Physical examination revealed the Veteran's gait to be normal. The skin of the knee had no callus formation or skin breakdown. There was no abnormal shoe wear pattern and no loss of a bone or a part of a bone. There were no recurrent dislocations. There was no inflammatory arthritis. The knee exhibited crepitus. There was no mass behind the knee, clicks or snaps, grinding, instability, patellar abnormality, or meniscus abnormality. The range of motion of the knee was 0 to 140 degrees and there was objective evidence of pain with motion and with repetitive motion. X-ray of the knee revealed a small exostosis off of the proximal fibula. The examiner diagnosed the Veteran with mild patellofemoral syndrome and indicated that the disorder had no significant effects on the Veteran's usual occupation. The examiner rendered the opinion that the Veteran's current leg problems, orthopedic impairment, are not related to the shrapnel wound in the popliteal fossa in 1969. The rationale provided was that a prior medical examination dated in 1997 showed a normal knee and that the current examination showed only patellofemoral syndrome.

The Board notes that the examiner did not comment on the tenderness, stinging, or numbness reported by the Veteran. In addition, the examiner did not comment on any potentially related muscle groups or provide comment on any neurological impairment of the knee as requested by the Board.

Where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance, and further remand will be mandated. Stegall v. West, 11 Vet. App. 268 (1998).

As such, the Board finds it necessary to remand the claim for the Veteran to be afforded another VA medical examination.

Review of the claims file reveals that the Veteran receives treatment at the VA; however, VA treatment records regarding the Veteran dated subsequent to January 2001 have not been associated with the claims file.

VA is required to make reasonable efforts to help a claimant obtain records relevant to his claim, whether or not the records are in Federal custody. See 38 U.S.C.A. § 5103A(b)(1) (West 2002); 38 C.F.R. § 3.159(c)(1) (2010). In Bell v. Derwinski, 2 Vet. App. 611 (1992), the United States Court of Appeals for Veterans Claims held that VA has constructive notice of VA generated documents that could reasonably be expected to be part of the record, and that such documents are thus constructively part of the record before the Secretary and the Board, even where they are not actually before the adjudicating body. Accordingly, attempts must be made to obtain and associate with the claims file all VA treatment records regarding the Veteran dated since January 2001.

Accordingly, the case is REMANDED for the following action:

1. Attempt to obtain VA medical records pertaining to the Veteran that are dated since January 2001. Any additional pertinent records identified by the Veteran during the course of the remand should also be obtained, following the receipt of any necessary authorizations from the Veteran, and associated with the claims file.

2. Arrange for the Veteran to have an appropriate examination to determine the current condition of his shell fragment wound of the right lower leg. The claims folder should be made available and reviewed by the examiner. Any indicated studies should be conducted. The examiner should identify all residuals attributable to the Veteran's service-connected fragment wound to the popliteal area of the right lower leg, to include any scars, muscle, orthopedic, and neurological residual impairment.

The examiner should conduct range of motion tests for the right knee and state whether there is any pain, weakened movement, excess fatigability or incoordination on movement should be noted, and whether there is likely to be additional range of motion loss due to any of the following should additionally be addressed: (1) pain on use, including during flare-ups; (2) weakened movement; (3) excess fatigability; or (4) incoordination. The examiner(s) is asked to describe whether pain significantly limits functional ability during flare-ups or when the leg and knee are used repeatedly. All limitation of function must be identified. If there is no pain, no limitation of motion, and/or no limitation of function, such facts must be noted in the report.

The examiner should specifically discuss the severity of any muscle impairment in terms of slight, moderate, moderately severe, and severe, including any muscle impairment of the affected Muscle Groups. The examiner should also describe in detail the Veteran's scars, including whether they are painful on examination.

The examiner should also state whether there are any neurological residuals associated with the Veteran's service-connected disability and identify any nerves involved. If so, the examiner should specifically discuss the extent, if any, of paralysis of the nerves involved.

All findings and conclusions should be set forth in a legible report.

3. Then readjudicate the appeal. In doing so, the RO must specifically consider whether a separate rating is warranted for any musculoskeletal and/or neurological impairment in addition to whether a compensable rating is warranted for the Veteran's shell fragment wound scar. If the benefits sought on appeal are not granted in full, the Veteran and his representative should be provided with a supplemental statement of the case.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).